J. S15038/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :      IN THE SUPERIOR COURT OF
                                       :              PENNSYLVANIA

             v.            :

                                         :

BYRON LAWRENCE,               :          No. 740 EDA 2017

                                       :

             Appellant     :


Appeal from the PCRA Order, February 10, 2017,
in the Court of Common Pleas of Philadelphia
Criminal County Division at No. CP-51-CR-1100011-1991


BEFORE:  STABILE, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED APRIL 27, 2018**

Byron Lawrence appeals ***pro se*** from the February 10, 2017 order entered in the Court of Common Pleas of Philadelphia County that dismissed, without a hearing, his third petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court set forth the following:

> On April 29, 1993, [appellant] was tried and convicted, by a jury, of three counts each of aggravated assault and criminal conspiracy, two counts each of murder in the first degree, possessing an instrument of crime, corrupt organizations and possession of a controlled substance with the intent to distribute, before the Honorable Juanita K. Stout. On February 2, 1995, following the denial of post-verdict motions, [appellant] was sentenced to life imprisonment.  [Appellant] filed a notice of appeal, and on September 10, 1996, the Pennsylvania Superior Court affirmed the trial court's judgment of sentence followed by the Pennsylvania

Supreme Court denying **allocatur** on February 24, 1997.[Footnote 2]

> [Footnote 2] **Commonwealth v. Lawrence**, 686 A.2d 1365 (Pa.Super. 1996) (table), **appeal denied**, 690 A.2d 1162 (Pa. 1997).

[Appellant] filed his first PCRA, **pro se**, on May 6, 1998. Michael G. Paul, Esquire, was appointed and subsequently filed an amended petition, which was dismissed on April 26, 2000. A subsequent appeal was affirmed by the Pennsylvania Superior Court on March 7, 2001 and **allocatur** was denied on August 29, 2001.[Footnote 3] On May 15, 2001, [appellant] filed a second **pro se** PCRA petition, and amended PCRA on September 13, 2005, with the assistance of court appointed counsel, Jeremy C. Gelb, Esquire. The petition was subsequently dismissed as untimely without exception on March 23, 2006. Following an appeal by [appellant], the Superior Court affirmed on March 12, 2007, with the Supreme Court denying **allocatur** on September 19, 2007.[Footnote 4]

> [Footnote 3] **Commonwealth v. Lawrence**, 777 A.2d 505 (Pa.Super. 2001) (table), **appeal denied**, 784 A.2d 115 (Pa. 2001) (table).

> [Footnote 4] **Commonwealth v. Lawrence**, 927 A.2d 653 (Pa.Super. 2007) (table), **appeal denied**, 932 A.2d 75 (Pa. 2007) (table).

The instant petition was filed on July 15, 2010, followed by several amended petitions dated December 20, 2010, July 25, 2012, December 20, 2013, and August 19, 2014. Pursuant to Pa.R.Crim.P. 907, this court sent a notice of intent to dismiss the petition as untimely without exception on November 17, 2016. In response to this court's 907 notice, [appellant] filed another petition on

> December 7, 2016.[1]  This court formally dismissed the petition on February 10, 2017.[Footnote 5] [Appellant] timely filed a notice of appeal to the Pennsylvania Superior Court on February 23, 2017.
>
> > [Footnote 5] The order was issued more than twenty days after [appellant] was served with notice of the forthcoming dismissal of his [PCRA] petition. Pa.R.Crim.P. 907.

PCRA court opinion, 4/19/17 at 1-2.

The record reflects that the PCRA court did not order appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  The PCRA court did, however, file an opinion.

Appellant raises the following issues for our review:

> 1)  Did the the [sic] PCRA Court error [sic] in not granting [appellant] a hearing to determine 'similarly like circumstances' between the United States Supreme Court view of a juvenile and the State of Pennsylvania's description of a minor in 1 Pa.C.S.[A.] § 1991 (Where a minor is described as a person under the age of 21), as it relates to the United States Supreme Courts [sic] imposition of the illegality of a mandatory life sentence without the possibility of parole for a homicide offense committed while a juvenile, violates the 8th Amendment prohibition on cruel and unusual punishment?
>
> 2)  Did the PCRA Court error [sic] in disregarding [appellant's] due diligence in proving his "Actual Innocence" since the replies to his fliers posted arrived years after [appellant's] conviction, Although [sic] these fliers for the

---

[1] We note that the record reveals that on December 6, 2016, in response to the PCRA court's Rule 907 notice, appellant filed "[appellant's] *pro se* objections to the court's 907 notice" (full capitalization omitted).

truth of the matter produced two (2) new eye-witnesses and one (1) recantation of a Commonwealth witness who (according to his affidavit) personally knew the assailant, without a hearing to determine the extent of these witnesses [sic] recollection and what they actually witnessed?

3) Did the PCRA Court error [sic] in not granting [appellant] a hearing for his claim of "Actual Innocence" in violating the Pennsylvania Corrupt Organizations Act, and in doing so denied [appellant's] Constitutional right to equal protection, U.S.Const.amend.XIV § 1, when the indictment surrounding the violation of PCOA was infact [sic] the lenchpen [sic] to convict [appellant] of two (2) homicides in a consolidated trial?

Appellant's brief at 4.

All PCRA petitions, including second and subsequent petitions, must be filed within one year of when a defendant's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The Pennsylvania Supreme Court has held that the PCRA's time restriction is constitutionally sound. *Commonwealth v. Cruz*, 852 A.2d 287, 292 (Pa. 2004). In addition, our supreme court has instructed that the timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, a court lacks jurisdiction over the petition. *Commonwealth v. Callahan*, 101 A.3d 118,

120-121 (Pa.Super. 2014) (courts do not have jurisdiction over an untimely PCRA); ***see also Commonwealth v. Wharton***, 886 A.2d 1120 (Pa. 2005).

Here, appellant's judgment of sentence became final on May 27, 1997, which was 90 days after our supreme court denied discretionary review on February 24, 1997.[2] ***See*** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903; ***Commonwealth v. Cintora***, 69 A.3d 759, 763 (Pa.Super. 2013); U.S. Sup.Ct.R. 13. Therefore, appellant's petition, filed on July 15, 2010, which was more than 13 years after his judgment of sentence became final, is facially untimely. As a result, the PCRA court lacked jurisdiction to review appellant's petition, unless appellant alleged and proved one of the statutory exceptions to the time-bar, as set forth in 42 Pa.C.S.A. § 9545(b)(1).

Those three narrow exceptions to the one-year time-bar are: when the government has interfered with the petitioner's ability to present the claim, when the petitioner has newly-discovered facts upon which his PCRA claim is predicated, or when either the Pennsylvania Supreme Court or the United States Supreme Court has recognized a new constitutional right and made that right retroactive. 42 Pa.C.S.A. § 9545(b)(1)(i-iii);

---

[2] We note that the 90th day after our supreme court denied discretionary review was May 25, 1997, which was a Sunday, and that Monday, May 26, 1997 was Memorial Day. Accordingly, appellant's judgment of sentence became final on May 27, 1997. ***See*** Pa.R.Civ.P. 106(b) ("[w]henever the last day of [any period of time referred to in any rule] shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation [of time].").

*Commonwealth v. Brandon*, 51 A.3d 231, 233-234 (Pa.Super. 2012). Any petition invoking an exception to the time-bar must be filed within 60 days of the date that the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). The petitioner bears the burden of pleading and proving the applicability of any exception. 42 Pa.C.S.A. § 9545(b)(1). If a petitioner fails to invoke a valid exception to the PCRA time-bar, this court may not review the petition. *See* 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Additionally, challenges to the legality of the sentence are never waived. *Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa.Super. 2005) (*en banc*), *appeal denied*, 917 A.2d 844 (Pa. 2007). This means that a court may entertain a challenge to the legality of the sentence, so long as the court has jurisdiction to hear the claim. In the PCRA context, jurisdiction is tied to the filing of a timely PCRA petition. *Id.*

In his PCRA petition and three amendments thereto, appellant attempted to assert an exception to the jurisdictional time-bar under Section 9545(b)(1)(iii), which permits a petitioner to seek relief when there is "a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." *Id*. In his July 15, 2010 PCRA petition, despite being convicted of committing two murders at the age of 19, appellant relied on the United States Supreme Court's decision in *Graham v. Florida*, 560 U.S.

48 (2010), wherein the High Court held that it is unconstitutional to sentence a juvenile to life in prison without the possibility of parole for non-homicide crimes. Thereafter, in his July 25, 2012 amended PCRA petition, as well as the amendments that followed, appellant relied on the United States Supreme Court's decision in **Miller v. Alabama**, 567 U.S. 460 (2012), which held that a sentence of life imprisonment without the possibility of parole is unconstitutionally cruel and unusual punishment when imposed upon defendants convicted of murder who were under the age of 18 at the time of their crimes. The United States Supreme Court's decision in **Montgomery v. Louisiana**, ___ U.S. ___, 136 S.Ct. 718 (2016), held that its decision in **Miller** applies retroactively to cases on state collateral review.

The record reflects that in the memorandum of law that appellant attached to his July 10, 2010 PCRA petition, appellant admits that he was 19 years old at the time of his crimes, but claims that he "was well under the age of 25 in terms of his maturity." (Appellant's "memorandum of law in support of amended [PCRA petition]," at 3.) In his brief to this court, appellant seemingly abandons his new constitutional right claim under **Miller** and **Montgomery** and appears to argue that his life sentence is constitutionally infirm because various inapplicable Pennsylvania statutes define a "minor" as "a person under 21" and because appellant had an undeveloped brain at the time that he committed his crimes. (Appellant's brief at 13-19.)

Regardless of the avenue that appellant pursues in his effort to obtain relief on this claim, appellant arrives at a dead end simply because this court has repeatedly rejected the same argument. *See*, *Cintora*, 69 A.3d at 764 (holding that petitioners who were 18 and older at the time they committed murder are not within the ambit of *Miller*); *see also Commonwealth v. Furgess*, 149 A.3d 90, 92-93 (Pa.Super. 2016) (holding that a petitioner's assertion of the time-bar exception set forth in Section 9545(b)(1)(iii) must be rejected because the constitutional rule rendering mandatory sentences of life imprisonment without possibility of parole on juveniles unconstitutional applied only to those defendants who were under 18 when the offenses were committed).

Appellant next attempts to invoke the newly-discovered-facts exception to the jurisdictional time-bar set forth in Section 9545(b)(1)(ii). To qualify under this exception, "a petitioner need only establish that the facts upon which the claim is based were unknown to him and could not have been ascertained by the exercise of due diligence." *Commonwealth v. Burton*, 158 A.3d 618, 629 (Pa. 2017). Our supreme court has articulated that due diligence "does not require perfect vigilance and punctilious care, but merely a showing the party has put forth reasonable effort to obtain the information upon which a claim is based." *Commonwealth v. Cox*, 146 A.3d 221, 230 (Pa. 2016) (citation and quotation marks omitted).

As noted, appellant filed his PCRA petition on July 15, 2010. Appellant attached to that petition the "sworn affidavit" of Darrien Gresham. (Appellant's PCRA petition, 7/15/10, at Exhibit A.) We note that this document bears a notarial seal stamp of James O. Lindberg and is seemingly signed by James O. Lindberg and dated by Mr. Lindberg, "6/30/10." (*Id.*) We further note that no other dates appear on the document. Nevertheless, in the petition, appellant fails to satisfy the due diligence aspect of the newly-discovered-facts exception because he entirely fails to address why he was unable to obtain Darrien Grisham's "sworn affidavit" and present it at an earlier date with the exercise of due diligence. In fact, appellant merely attaches the document to his PCRA petition without an explanation as to how it was even obtained.

Likewise, in appellant's December 20, 2010 "amendment to existing [PCRA petition]," appellant attached an undated "affidavit" of Alexandra Crump. We note that this "affidavit" bears a notarial seal stamp and is seemingly signed by notary public Tracey M. Anderson, but it is not dated. Nevertheless, in his amendment to existing PCRA petition, appellant, once again, fails to satisfy the due diligence aspect of the newly-discovered-facts exception because he entirely fails to address why he was unable to obtain Ms. Crump's undated "affidavit" and present it at an earlier date with the exercise of due diligence. In fact, once again, appellant merely attaches the undated "affidavit" with no explanation as to how it was even obtained.

Therefore, appellant failed to satisfy the due diligence aspect of the

newly-discovered-facts exception.[3]

---

[3] We note that in his brief to this court, and in a seeming attempt to demonstrate that he exercised due diligence, appellant claims that he "sent 50 and eventually 100 flyers to family and friends every summer since his conviction became final in 1995, to be posted in the area where the incident took place[; c]entrally the park, neighborhood stores, bars and especially the internet 'facebook[.'"]  (Appellant's brief at 21.)  Appellant's attempt to convince this court of his due diligence, however, does not rectify his failure to satisfy the due diligence aspect of the newly-discovered-facts exception within his petition.

Additionally, in his objection to Rule 907 notice, appellant attached copies of grand jury testimony from proceedings that took place on November 10, 1989; a statement of Charles Mobley that was notarized on March 25, 1992; and a statement of Amber Brown that was notarized on January 6, 1993.  Notwithstanding the fact that the statements were addressed to appellant's trial counsel and all of the attachments to the Rule 907 notice predated appellant's convictions, appellant never filed an amended PCRA petition attaching these documents and establishing that he was unable to obtain them and present them at an earlier date with the exercise of due diligence.

Also in his objection to Rule 907 notice, appellant attached an undated "affidavit" of Charles Johnson that bears a notarial stamp and is signed and dated January 11, 2012, by notary public of Theresa M. Castro; an "affidavit" of Terik Morris" that is dated September 12, 2013; and an "affidavit" of Erik Rogers that is notarized by Suzanne L. Domatakes and dated April 6, 1999.  Once again, appellant never filed an amended PCRA petition attaching these documents and pleading and proving that he exercised due diligence to obtain them.

We further note that even assuming **_arguendo_** that appellant's objection to Rule 907 notice could be considered an amended PCRA petition, appellant's mere attachment of these documents, without any explanation as to why he was unable to obtain them at an earlier date with the exercise of due diligence, would not satisfy the due diligence aspect of the newly-discovered-facts exception.

Appellant finally claims that he was wrongly convicted under Pennsylvania's Corrupt Organizations Act, 18 Pa.C.S.A. § 911. Because appellant fails to invoke a valid exception to the PCRA time-bar with respect to this claim, the claim may not be reviewed. *See* 42 Pa.C.S.A. § 9545(b)(1)(i-iii) (setting forth the three narrow exceptions to the one-year jurisdictional time-bar).

Therefore, the PCRA court lacked jurisdiction to review appellant's petition, and we may not review the petition on appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/27/18